## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JULIUS SIMMONS,

      Petitioner,

v.                                              Case No. 8:26-cv-615-JLB-CPT

UNITED STATES,

      Respondent.
_____/

## <u>ORDER DENYING PETITION</u>

Simmons, a federal pretrial detainee, applies under 28 U.S.C. § 2241

for the writ of habeas corpus[1] and challenges several matters pending in his

criminal proceedings in *United States v. Julius Simmons*, 8:22-cr-387-JLB-

---

[1] Simmons also titles his pleading as filed under both 28 U.S.C. § 2254 and 28 U.S.C. § 2255.  (Doc. 1 at 1).  But those statutes apply only to persons in custody pursuant to the judgment of a state or federal court.  See 28 U.S.C. § 2254(b)(1); *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Section 2254 ... applies only to post-trial situations"); 28 U.S.C. § 2255(a); *Greene v. United States*, 2008 WL 476121, at *1 (S.D. Ga. Feb. 19, 2008) ("Section 2254 petitions, however, apply to state court convictions, while 28 U.S.C. § 2255 motions apply to judgments of federal courts.").  Because Simmons is a pre-trial detainee, his petition is properly brought under 28 U.S.C. § 2241.  *Stacey*, 854 F.2d at 403 n.1 ("Pre-trial habeas petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").

CPT (M.D. Fla.), in which he is charged with possession of a firearm or ammunition by a convicted felon.

Simmons cannot use an action under Section 2241 to challenge his ongoing criminal prosecution before trial.   "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."   *Jones v. Perkins*, 245 U.S. 390, 391 (1918).   *See also Riggins v. United States*, 199 U.S. 547, 551 (1905) (directing the circuit court to quash the writ of habeas corpus issued with respect to a writ ... resulting from a federal indictment because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and, if necessary, appeal); *Garcon v. Palm Beach Cnty. Sheriff's Off.*, 291 F. App'x 225, 226 (11th Cir. 2008) (per curiam) (affirming dismissal of Section 2241 petition by federal pretrial detainee as premature because the claims — challenges to the district court's jurisdiction, the indictment, and the denial of speedy trial — were "properly brought during his criminal case and subsequent direct appeal"); *Garey v. Fed. Det. Ctr., Miami*, 180 F. App'x 118, 120–21 (11th Cir. 2006) (per curiam) (affirming the district court's dismissal

2

of claims in federal pretrial detainee's Section 2241 petition because said claims "were not properly brought pursuant to [2]8 U.S.C. § 2241, but should have been raised in his pending criminal case"); *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018) ("[I]nsofar as [petitioner] sought to challenge the charges against him or the conduct of law-enforcement officers during arrest or interrogation, he was required to do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition."). Simmons has not alleged an exceptional circumstance that justifies an exception to this general rule.

Accordingly, it is **ORDERED** that:

1. The petition (Doc. 1) is **DENIED**.

2. The Clerk is **DIRECTED** to enter a judgment against Simmons, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on March 11, 2026.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE

3